Jesse Kodadek
Martin Rogers
WORDEN THANE P.C.
321 W. Broadway St., Ste. 300
Missoula, MT 59802
(406) 721-3400
jkodadek@wordenthane.com
mrogers@wordenthane.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KEILA CROSS, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ALLIED WASTE SERVICES OF NORTH AMERICA, LLC, D/B/A REPUBLIC SERVICES,<br><br>*Defendant.* | **CLASS ACTION COMPLAINT** |

**Parties, Jurisdiction, and Venue**

1. Plaintiff Keila Cross is a resident of Missoula, Montana, and a customer of Defendant Allied Waste Services of North America, LLC, because Cross pays for curbside recycling services at her home.

2. Defendant Allied Waste Services of North America, LLC is a Delaware

COMPLAINT—PAGE 1

entity with its principal place of business in Arizona, and operates under the assumed business name of Republic Services in Montana (the remainder of this Complaint will refer to the Defendant as "Republic Services").

3. This Court has original jurisdiction under the Class Action Fairness Act (CAFA) at 28 U.S.C. § 1332(d) because:

   a. The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs;

   b. Cross is a citizen of Montana;

   c. Republic Services is a citizen of Arizona and Delaware;

   d. The number of putative class members is greater than 100; and

   e. The home state exceptions to CAFA are not applicable.

4. Venue is proper in the District of Montana because a substantial part of the events or omissions giving rise to the claim occurred in Montana.

**Facts Common to All Claims**

5. Republic Services is one of the largest, if not the largest, solid waste and recycling company operating in Montana.

6. Republic Services provides residential garbage pick-up in many Montana communities, including Missoula.

7. Republic Services also offers—for an additional fee—residential recycling pick-up services in many Montana communities, including Missoula.

8. For many residential customers in Montana, in exchange for additional monthly fees, Republic Services will provide a second bin, so customers can place their garbage in one bin, and their recycling in a separate bin.

9. Upon information and belief, in most parts of Montana, Republic Services picks up residential garbage every week, but only picks up residential recycling every other week.

10. On its website, Republic Services has a form where customers or potential customers can fill in their address, and Republic Services will show the services offered for that address, under the heading "Learn What Can Be Recycled In Your Area."

11. For Cross's address, Republic Services claims that "acceptable solid waste materials" for recycling include:

- Aluminum cans
- Aluminum foil
- Cardboard
- Cereal Boxes
- Household Plastic 1
- Household Plastic 2
- Household Plastic 3
- Household Plastic 4

- Household Plastic 5
- Household Plastic 6
- Household Plastic 7
- Magazines
- Mail
- Paper
- Paperboard
- Phonebooks, and
- Steel Cans.

12. Based on Republic Service's representations about what can be recycled, Cross became and remained a customer of Republic Service's curbside recycling services.

13. However, Cross has learned that Republic Services has repeatedly implied it does not actually recycle some of the materials it claims, especially #3, #4, #6, and #7 plastics.[1]

---

[1] For example, in *Plastic Recycling in Missoula is Common and Complicated*, by Erica Zurek, which was published in the Missoula Current on October 30, 2020, and is available at https://missoulacurrent.com/outdoors/2020/10/plastic-recycling-complicated/, representatives for Republic Services appear to have stated that #1 and #2 plastics have a realistic market, but that plastics #3–#4 and #6–#7 are nearly impossible to recycle. In addition, Republic Services employees have been quoted in the New York Times stating that "material being collected on the street doesn't have a place to go." *Your Recycling Gets Recycled, Right? Maybe, or Maybe Not*, Livia Albeck-Ripka, New York Times, Section B, Page 1 (May 29, 2018), also

14. Indeed, following pushback from consumer and environmental advocacy groups, in 2020 Republic Services published a report on "Advancing Plastics Recycling through Investment, Innovation and Education," which is available at https://www.republicservices.com/cms/documents/sustainability_reports/Plastics-Recovery-Program-Review2020.pdf. In that report, Republic Services conceded that plastics #3, #4, #6, and #7 "are 'end of the line' plastics that currently have limited or no end markets," and further conceded that "we believe the most responsible form of management, particularly from a climate perspective, is landfill."

15. Put another way, many of the products Republic Services collects and purports to recycle are sent directly to the landfill—the same place residential garbage collection ends up.

16. And while Republic Services warns customers about the prospect of some otherwise recyclable materials ending up in the landfill—such as greasy pizza boxes[2]—it does not reasonably inform customers that there is

---

available at https://www.nytimes.com/2018/05/29/climate/recycling-landfills-plastic-papers.html.
[2] *See, e.g.,* https://www.republicservices.com/blog/everything-you-think-you-know-about-recycling-wrong-and-heres-how-to-fix-it ("Once a pizza box is soiled with grease and cheese, the cardboard is no longer recyclable and can contaminate other recyclables when placed in the bin.").

essentially no likelihood that many of the household plastics it collects and purports to recycle have essentially no prospect of ever being recycled.

### Count I—Violation of the Montana Consumer Protection Act

17. Cross incorporates the preceding allegations as if set forth in this part.

18. Cross is a consumer as defined by the Montana Consumer Protection Act ("MCPA").

19. The MCPA prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce within Montana.

20. Republic Services engages in "trade" or "commerce" when it advertises and promotes residential curbside recycling services, and also when it collects residential recycling and bills customers for the same.

21. By representing that it recycles materials that it does not, but charging consumers for such "recycling," Republic Services is engaging in unfair acts and practices.

22. By representing that it recycles materials that it does not, but charging consumers for such "recycling," Republic Services is engaging in deceptive acts and practices.

23. By representing that it recycles materials that it does not, but charging consumers for such "recycling," Republic Services is likely to mislead customers, and its misrepresentations are material.

24. Montana consumers act reasonably when relying on Republic Services

representations, representations made from an expert in the matter, because Montana consumers are not, and are not required to be, recycling experts.

25. Republic Services actions offend established public policy, namely, the charging of consumers for certain services when, in fact, Republic Services does not provide such services.

26. Republic Services' actions are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

27. Republic Services knew or should have known that, at the times it has told customers and prospective customers that all manner of plastics "can be recycled in your area," Republic Services had no reasonable basis to believe those claims were true.

28. As a result of Republic Services false and deceptive acts, Cross and all others similarly situated have suffered an ascertainable loss of money, and Cross and all others similarly situated are entitled to statutory damages of $500 per violation.

### Count II—Class Certification

29. Cross incorporates the preceding allegations as if set forth in this part.

30. Cross requests that she be designated as class representative and lead plaintiff in a class certified under Federal Rule of Civil Procedure 23. Cross and all other members of the class—which includes every Republic Services

residential customer in Montana who has paid for curbside recycling during the two years preceding the date of this complaint—are similarly situated for the purposes of Rule 23, have all suffered the same harm, and all seek statutory damages under the MCPA.

31. The proposed class meets the requirements of Rule 23(a) because:

    a. An action joining every prospective class member would involve so many individuals that joinder of all of them would be impractical, if not impossible. Upon information and belief, the number of class members will be in the thousands.

    b. The legality and propriety of the Defendant's actions involves questions of law and fact common to all class members.

    c. Cross's claims are typical of the class claims, and the questions posed by this action concern the same issues for Cross and for every member of the class.

    d. Cross will fairly and adequately represent and protect the interests of the class. Resolution in favor of Cross and the class will fairly and adequately inure to the benefit of the entire class.

    e. Cross's attorneys are skilled in litigating the types of issues presented, and have litigated class actions in both state and federal courts in Montana.

f. The individual claims are too small to justify the costs of individual lawsuits, and therefore it is unlikely these claims will ever be prosecuted if not on behalf of a class.

32. A class action is maintainable under the requirements of Rule 23(b)(3) because:

    a. Prosecution of separate actions creates the danger of inconsistent or varying adjudication of each class member's individual case was litigated in separate actions spread across the state, which would create a substantial likelihood of inconsistent results.

    b. Common questions of law and fact predominate of any question affecting Cross or any other individual class member, and so a class action is a superior method for the fair and efficient adjudication of the controversy.

    c. The remedy requested is not onerous or impractical, and the precise amount of statutory damages owed to the class is calculable to a sum certain based on the Defendant's own records.

33. Cross therefore requests that the Court certify the class and authorize notice under Rule 23. Cross also requests that the Defendant be directed to provide notice to all qualifying class members, since the Defendant is in exclusive control of the information needed to contact the class members.

**Prayer for Relief**

Cross and the class she seeks to represent request the following relief:

A. For an order certifying the class under Federal Rule of Civil Procedure 23(b)(3), and appointing Cross as class representative and lead plaintiff, and her attorneys as lead counsel;

B. For a judgment that the Defendant's conduct violates the Montana Consumer Protection Act;

C. For statutory damages of $500 per class member for each violation (i.e. for every month that each class member paid for curbside recycling);

D. For costs and attorney fees;

E. For an order directing that class attorney fees, costs, and associated expenses be paid out of the common fund resulting from any successful recovery;

F. For an order directing that the class representative be awarded a reasonable incentive award from the common fund; and

G. For any other appropriate relief.

November 29, 2021.

                                      WORDEN THANE P.C.
                                      *Attorneys for Plaintiff*

                                      /s/ Jesse Kodadek
                                      Jesse Kodadek